420 So.2d 595 (1982)
Leon SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 56419.
Supreme Court of Florida.
September 30, 1982.
*596 Bennett H. Brummer, Public Defender, and Warren S. Schwartz, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for appellant.
Jim Smith, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., Miami, for appellee.
EHRLICH, Justice.
This is an appeal from a conviction of murder in the first degree for which the jury recommended and the trial judge imposed a sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. While this case was pending before this Court, motion was made and granted for this Court temporarily to relinquish jurisdiction to the trial court in order for appellant to file a Florida Rule of Criminal Procedure 3.850 motion to vacate judgment and sentence. That motion was denied by the trial court and jurisdiction re-vested in this Court. Appellant also is appealing denial of the 3.850 motion. For the reasons stated herein, we set aside the conviction and sentence.
On June 19, 1974, Robert Copeland was shot and killed in the Ponderosa Bar in Dade County, Florida. A warrant was issued for appellant's arrest and he was subsequently apprehended in New York City. After a lengthy extradition battle, appellant was returned to Florida and on September 8, 1978, was indicted for first degree premeditated murder. Appellant was arraigned and a public defender was appointed to represent him. On January 3, 1979, the Office of the Public Defender certified that a conflict existed because appellant wanted both his public defender and the Office of Public Defender discharged. Appellant took the position that the public defender who was representing him, a black attorney, was a racist and was conspiring with the state to have appellant (himself a black) convicted because the decedent was black. A private attorney, Martin Saxon, was appointed to continue as appellant's counsel. Six days after Mr. Saxon's appointment, the cause came on for trial and appellant was found guilty. After the jury recommended the imposition of the death penalty, the trial court sentenced appellant to death.
Appellant raises numerous issues on appeal that concern both the trial and sentencing phases of the proceedings below. However, all these need not be considered since the first point is dispositive of this case. Appellant argues and we agree that the trial court erred in not granting a psychiatric evaluation of appellant and in not ordering a competency hearing at the commencement *597 of the trial. Clearly, there was reasonable ground for the trial court to have believed that appellant was incompetent and that he did not have a sufficient present ability to consult with his lawyer or assist in the presentation of his defense.
The competency criteria for Florida are the same as those for federal cases: "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding  and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960); Lane v. State, 388 So.2d 1022 (Fla. 1980). In order to determine this, it is the responsibility of the trial court to conduct a hearing for competency to stand trial whenever it reasonably appears necessary to ensure that a defendant meets the standard of competency. § 918.15, Fla. Stat. (1979); Fla.R.Crim.P. 3.210 (1979).
A number of factors, each minor by itself but taken together weighty indeed, combine to persuade this Court that a competency hearing should have been held. The record in this case is replete with numerous instances both before and during trial wherein the trial court should have been alerted to the fact that a hearing was necessary. Prior to the commencement of the trial, counsel for appellant requested such a hearing. He made known to the court that he was having great difficulty in communicating with his client and that appellant was unable to assist him in the preparation of the defense. Later, before sentencing, defense counsel once again requested that appellant be evaluated, but this request was not acted upon by the trial judge. In addition, an agreement had been reached between defense counsel and the state that the prosecutor would waive the death penalty if appellant agreed to have his case tried by a six-person jury instead of twelve. The trial court was prepared to ratify this agreement. Appellant, personally, however, overrode his lawyer's recommendation and rejected this eminently-favorable bargain. Also, and of serious import, when defense counsel requested that appellant be sent to a facility for an extensive evaluation, the trial court refused, stating:
THE COURT: We have already had the evaluations. He's been determined competent to stand trial... .
.....
No. There is no need for me to send him there. The doctors have already evaluated him and he is competent.
In actuality, only one doctor (provided by the defense) had evaluated appellant, and it does not appear from the record that the trial court was cognizant of that doctor's findings. The above-quoted language appears to be an error on the trial court's part,[*] and it was on the basis, it appears, of the trial court's mistaken assumption of prior medical evaluations that counsel's motion was denied.
Notwithstanding, "in ruling on a motion to determine a defendant's competency to stand trial, the question before the court is whether there is reasonable ground to believe the defendant may be incompetent, not whether he is incompetent. The latter issue should be determined after a hearing." Walker v. State, 384 So.2d 730, 733 (Fla. 4th DCA 1980). The competency rule states that upon reasonable ground the court shall fix a time for a hearing. Fla.R.Crim.P. 3.210(a)(2) (1979). Clearly, there are no fixed or immutable signs that always and automatically point the way for a judge to order a fitness hearing. However,
Although we do not, of course, suggest that courts must accept without question a lawyer's representations concerning the competence of his client, an expressed doubt in that regard by one with "the closest contact with the defendant" is unquestionably a factor which should be considered. Moreover, resolution of the issue of competence to stand trial at an early date best serves both the interests *598 of fairness and of sound judicial administration.
Drope v. Missouri, 420 U.S. 162, 177-78 n. 13, 95 S.Ct. 896, 906 n. 13, 43 L.Ed.2d 103 (1975) (citations omitted). Under the facts of the present case, there was more than reasonable ground to believe appellant may have been incompetent and, accordingly, a hearing should have been granted. "[T]he trial judge must consider all the circumstances, including the representations of counsel, and unless clearly convinced that an examination is unnecessary, order an examination before beginning or proceeding with trial." Jones v. State, 362 So.2d 1334, 1336 (Fla. 1978). This was not done and thus appellant was deprived of his due process right of not being tried while mentally incompetent. State v. Tait, 387 So.2d 338 (Fla. 1980).
At the later 3.850 remand, an evidentiary hearing was in fact held. Medical experts for both the state and defense testified as to appellant's mental state at the time of the trial. While the state's doctors felt appellant had been competent during the trial, only Dr. Stillman, the defense's doctor, had examined appellant before the commencement of the trial. While he initially had believed appellant to be sane and competent after an October 1978 examination, Dr. Stillman subsequently changed his opinion. In November 1979, Dr. Stillman reevaluated appellant after an exhaustive and in-depth consultation and was made aware of things that appellant had not revealed to him the previous year. Significantly, Dr. Stillman opined that appellant was a psychotic personality who malingers in the direction of good health. Dr. Stillman testified that in retrospect it appeared this process was operative at the time he initially examined appellant and that this would account for his own earlier erroneous diagnosis. It is well-settled that there is substantial difficulty in retrospectively determining an accused's competence to stand trial. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). "In view of the doubts and ambiguities regarding the legal significance of the psychiatric testimony in this case and the resulting difficulties of retrospectively determining ... competency," Dusky v. United States, 362 U.S. 402, 403, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960), this Court believes that a new hearing is required to ascertain appellant's present competency to stand trial. Accordingly, the conviction and sentence are vacated. Upon his being found competent to stand trial, appellant may be retried.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON and McDONALD, JJ., concur.
NOTES
[*] We make no intimation on defense counsel's failure to correct the trial court on the question of these alleged prior evaluations.