598 So.2d 313 (1992)
Leroy James GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-03119.
District Court of Appeal of Florida, Second District.
May 22, 1992.
Lawrence D. Shearer of McDonald & Shearer, Lakeland, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant, Leory James Green, challenges the judgments and sentences imposed upon him for aggravated battery, sexual battery and false imprisonment.
Appellant argues that the trial court erred in bringing him to trial without a hearing and finding based upon substantial, competent evidence that appellant was competent to stand trial after having been previously adjudged not competent to stand trial. We do not agree with appellant that he was improperly brought to trial without the necessary procedures and findings to declare him to be competent for trial.
The essential facts demonstrate that after a competency hearing on November 8, 1988, appellant was declared incompetent to stand trial on the charges against him and committed to HRS. Appellant was confined in the Florida State Hospital until October 26, 1989, when he was discharged from the hospital and released for return to the judicial system. Florida Rule of Criminal Procedure 3.212(c)(6) requires the court to hold a hearing on the defendant's competency within thirty days of such an action. The trial court appointed a single expert to examine appellant as to his competency and scheduled a hearing on that issue. While Florida Rule of Criminal Procedure 3.210(b) requires no fewer than two experts to examine an accused to report on the competency issue, failure to do so is not fundamental *314 error. D'Oleo-Valdez v. State, 531 So.2d 1347 (Fla. 1988).
Appellant was present with his counsel at the hearing on December 27, 1989, to determine his competency. No objection was raised in regard to the appointment of one expert rather than the two or three directed by Rule 3.210(b). Rather than interposing any objection to the procedure, it is clear from the transcript of the hearing that appellant acquiesced in the appointment of the single expert and in determining his competency at the hearing based upon the expert's written report. Such a procedure was sanctioned by our supreme court in Fowler v. State, 255 So.2d 513, 515 (Fla. 1971). At the competency hearing, appellant's counsel informed the trial judge that counsel had a report from the single appointed expert which indicated appellant was competent to stand trial. At that point in the proceedings, the trial judge announced: "It looks like we are ready to proceed on to trial." Defense counsel responded: "Yes, sir."
Finding no error in regard to the determination of appellant's competency to stand trial and finding no error in regard to appellant's second issue regarding the denial of his motion for judgment of acquittal, we affirm appellant's convictions and sentences.
HALL and BLUE, JJ., concur.