651 So.2d 752 (1995)
Kenny CALLOWAY, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3915.
District Court of Appeal of Florida, First District.
March 6, 1995.
*753 Nancy A. Daniels, Public Defender and Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Richard Parker, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Kenneth Calloway (Calloway), an inmate, was charged with aggravated battery on a law enforcement officer for biting a correctional officer on the arm. He appeals from his judgment and sentence and raises two issues: (1) whether the trial court abused its discretion in denying his motion for judgment of acquittal; and (2) whether the trial court erred in refusing to order a competency hearing and to appoint experts to examine Calloway prior to sentencing. We affirm the first issue without discussion, and reverse and remand for resentencing on the second issue.
At the beginning of the sentencing hearing, Calloway's counsel advised the court that he was unable to review the pre-sentence investigation report (PSI) with Calloway the previous day because he appeared to be heavily medicated and that he appeared to be in the same state at the current time. Two correctional officers testified to the effect that Calloway was competent. Nevertheless, defense counsel requested the trial court appoint an expert to examine Calloway for purposes of competency. The trial court denied the motion, stating: "I remember Mr. Calloway when he testified in trial and I remember, I can see Mr. Calloway now and I'm sure if he wanted to he could carry on an intelligent conversation with me right now. So, I am going to deny your motion."
Defense counsel again noted he was unable to review the PSI with Calloway because, in his opinion, Calloway was intoxicated. The court called the probation officer, who prepared the PSI, to testify. The probation officer opined Calloway was competent, and testified as to the accuracy of the PSI and guidelines scoresheet.
When given an opportunity to address the court, Calloway asked the court to wait a moment while his vision adjusted: "my vision has to get right, give me one second." He then gave a rambling, incoherent narrative, stating he was being tortured in prison, that he had been improperly placed in the West unit, where he was jumped, that he had not gotten a fair trial and had not been tried within 180 days. He also referred to an earlier charge that had never been tried. He claimed unidentified persons jumped him at prison, threatened to beat him up, kill him, and send him home in a plastic bag. The court interrupted his monologue and proceeded with sentencing. Calloway was then sentenced to seventeen years in prison, with a three-year minimum mandatory term.
Florida Rule of Criminal Procedure 3.210(b) provides:
If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant ... has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition ... and shall order the defendant to be examined by no more than 3, nor fewer than 2, experts prior to the date of the hearing.
Sentencing is one such "material stage." Fla.R.Crim.P. 3.214. Under Florida and federal *754 law, the test for competency is "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding  and whether he has a rational as well as factual understanding of the proceedings against him." Scott v. State, 420 So.2d 595, 597 (Fla. 1982) (quoting Dusky v. United States, 362 U.S. 402, 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960); Lane v. State, 388 So.2d 1022 (Fla. 1980)). However, in ruling on a motion requesting a competency hearing and the appointment of experts, the question is not whether the defendant is competent but whether there is reasonable ground to believe the defendant may be incompetent. Scott v. State, 420 So.2d at 597 (emphasis added). There are no "fixed or immutable signs that always" require a competency hearing. Id. The trial court must consider all the circumstances, including defense counsel's representations. Id. at 598.
Under the facts in this case, we find the trial court should have ordered an examination and competency hearing before proceeding with sentencing. We reach this conclusion for several reasons. First, none of the individuals who testified were qualified as experts and none could testify as to the type or amount of medication Calloway was taking and/or its possible side-effects. Second, the record indicated that Calloway: (1) has a history of seizure disorders and has some brain damage; (2) has a metal plate in his head for which he has undergone numerous brain surgeries; (3) has trouble with memory; and (4) is given Phenobarbital and Dilantin on a daily basis. Third, prior to sentencing, defense counsel expressed concern that Calloway may be incompetent to proceed. While courts are not required to accept defense counsel's representations concerning defendant's competence wholeheartedly, "an expressed doubt in that regard by one with `the closest contact with the defendant' is unquestionably a factor which should be considered." Scott v. State, 420 So.2d at 597 (quoting Drope v. Missouri, 420 U.S. 162, 177-178 n. 13, 95 S.Ct. 896, 906 n. 13, 43 L.Ed.2d 103 (1975)). Finally, Calloway's own statements and conduct at the hearing suggest he may not have sufficient present ability to consult with his counsel or understand the nature and scope of the proceedings. His statements indicated he did not understand he was before the court to be sentenced for the aggravated battery of a correctional officer. He also did not appear to recognize the trial judge, who was the same judge who presided over his jury trial less than two months earlier. Compare Tingle v. State, 536 So.2d 202 (Fla. 1988) (circumstances indicated reasonable grounds to believe defendant may be mentally incompetent where defendant had tried to stab himself with ball-point pen, evidence that defendant suffers from paranoid schizophrenic process, and defense counsel's belief defendant was hallucinating); Shaw v. State, 546 So.2d 796 (Fla. 1st DCA 1989) (circumstances indicated reasonable grounds to believe defendant was mentally incompetent, including history of mental health treatment, defendant's own statements at sentencing hearing and his conduct in fleeing to rear of courtroom where he became unconscious and experienced a seizure). Considering all of the above factors together, we find the trial court erred in failing to hold a competency hearing prior to sentencing.
Accordingly, we AFFIRM the judgment of conviction but REVERSE the sentence and REMAND for a competency hearing and resentencing after it has been determined Calloway is competent to proceed.
JOANOS, LAWRENCE and BENTON, JJ., concur.