852 So.2d 330 (2003)
Steven N. BROCKMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1712.
District Court of Appeal of Florida, Second District.
August 8, 2003.
*331 James Marion Moorman, Public Defender, and Howardene Garrett, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Steven Brockman challenges his conviction for felony battery, asserting that the trial court failed to comply with the requirements of Florida Rule of Criminal Procedure 3.210(b) by not holding a proper competency hearing before trial. Because the record reflects that a hearing was required but not held, we reverse and remand for further proceedings.
On December 21, 2000, the State charged Brockman with felony battery based on an incident that occurred when he was a resident of a mental hospital. In January 2001 and June 2001, at Brockman's request, the trial court appointed experts to evaluate Brockman's sanity at the time of the offense and his competency to stand trial. While these experts apparently memorialized their findings in reports, the experts' reports were never filed or otherwise made available to the trial court.
On January 15, 2002, the first morning of trial, Brockman's counsel raised the issue of Brockman's competency to stand trial. Brockman's counsel stated:
Your Honor, there was an issue as to competency and insanity. Three evaluations were done. One was completed on September 10th. Dr. Croll (phonetic spelling) indicated sane and competent. One in February by Dr. Kling indicated competent but insane. One done by Dr. Cowin in February who said sane and possibly incompetent to stand trial. So we have two competent, one incompetent and insane and two sanes.
Brockman's counsel then told the trial court that he had been unable to "elicit enough from my client yesterday at the jail to go with any kind of a plea offer." Based on his contact with Brockman the previous day, counsel told the trial court, "I am in a position where I do not feel that [Brockman] is competent to enter a plea in my opinion, but I'm not a doctor."
Also in the courtroom at that time was Allison Kemper, Brockman's licensed mental health counselor. She told the court that she had had weekly contact with Brockman for the past four months. She told the trial court that Brockman had *332 been "refusing his psychotropic medication at the jail. So he has been un-medicated for quite some time." She also told the court that Brockman "has indicated to me that he feels that his attorney is someone that he has met previously in a coffee shop in Missouri and that [defense counsel] has discussed with him some mind-reading experiments that [were] done in Roswell, New Mexico, things of that nature." Kemper further told the court that in her opinion, the experts' reports concerning Brockman's competency were outdated and no longer reliable.
Rather than stopping the proceedings and scheduling a competency hearing, the trial court then engaged in a colloquy of sorts with Brockman:
THE COURT: Well, we can have a trial if I feel satisfied that you are competent to have a trial.
THE DEFENDANT: I think that, you know, I have said some things. I'm a writer, and I was misdiagnosed 24 years ago. I've got a seizure condition, and it's quite common for someone to be diagnosed with a mental illness.
I have paperwork from Indiana showing that I was allergic with permanent long term dyschonatia (phonetic spelling) to the medication they were giving me at the Ruth Cooper Center.
I've been in custody for over almost 14 months, and I never should have been in the Ruth Cooper Center. So I'm here, thought I was here for a trial, and I really don't have anything further to say.
THE COURT: Well, let's talk about your competence for a minute. Do you feel like you know where you are today and what this is all about?
THE DEFENDANT: Yes, I know where I am, and I know what it's about.
THE COURT: You're charged with felony battery on a nurse at the Ruth Cooper Center, do you recognize the name of that charge?
THE DEFENDANT: Yes.
THE COURT: Do you feel that you're satisfactorily capable of assisting this attorney in representing you in the course of a trial today?
THE DEFENDANT: Yes. I'm not sure I'm prepared. I haven't been given an opportunity to prepare my case or to work with him. I mean, I was told I was going to be taken before a Judge for a competency hearing, and then I got a letter saying I was going to trial on January the 7th, and that was postponed until now.
I mean, I'm competent and I'm not guilty, and I just don't know why I can't get out of jail after almost 14 months.
....
THE COURT: Okay. Do you feel like you're competent to assist Counsel here?
THE DEFENDANT: Yes, sir.
Immediately following this exchange, the trial court proceeded with jury selection, apparently having ruled sub silentio that Brockman was competent to stand trial. The jury found Brockman guilty as charged, and the trial court sentenced him to two years' imprisonment followed by three years' probation. Brockman now appeals his conviction and sentence.
Holding criminal proceedings when a defendant is mentally incompetent denies that defendant his constitutional right to a fair trial. Hill v. State, 473 So.2d 1253, 1259 (Fla.1985). The test used to determine a defendant's competency to stand trial is whether the defendant has a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understandingand whether he has a rational as well as factual understanding of the proceedings against him." *333 Id. at 1257 (emphasis omitted) (quoting Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)). Once the issue of the defendant's competency is raised, the question for the trial court to consider is "whether there is reasonable ground to believe the defendant may be incompetent, not whether he is incompetent." Tingle v. State, 536 So.2d 202, 203 (Fla.1988) (quoting Scott v. State, 420 So.2d 595, 597 (Fla.1982)). If the trial court is presented with reasonable grounds to believe that the defendant may not have the sufficient present ability to consult with his attorney and aid in the preparation and presentation of his defense, the trial court must order a hearing and examination. See Hill, 473 So.2d at 1259; Fla. R.Crim. P. 3.210(b). A trial court's independent investigation into the defendant's competency is not sufficient to ensure that the defendant is not deprived of his due process right not to be tried while incompetent. Tingle, 536 So.2d at 203; Warren v. State, 543 So.2d 315 (Fla. 5th DCA 1989).
In this case, an objective evaluation of the facts presented to the trial court establishes that the trial court had more than reasonable grounds to believe that Brockman may have been incompetent to stand trial. The trial court was aware that Brockman had a twenty-year history of mental problems. In fact, the crime for which Brockman was being tried occurred while he was a patient in a mental facility. Brockman's trial counsel questioned Brockman's competency based on his interactions with Brockman at the jail the day before. In addition, Brockman's licensed mental health counselor raised specific concerns about Brockman's current competency in light of his refusal to take his medications. These facts and concerns raised reasonable grounds to believe that Brockman might have been incompetent. While we recognize that there are no "fixed or immutable signs that always" require a competency hearing, see Calloway v. State, 651 So.2d 752, 754 (Fla. 1st DCA 1995), under these circumstances, the trial court abused its discretion in not continuing the trial, scheduling a competency hearing, and ordering updated examinations of Brockman.
The State argues that the trial court's colloquy with Brockman was sufficient to establish that Brockman was competent and that the trial court was merely resolving disputed issues of fact as to Brockman's competence. We perceive three problems with this argument. First, while we agree that it is the trial court's responsibility to resolve disputed fact issues when there is conflicting expert evidence on competency, see Mora v. State, 814 So.2d 322, 327 (Fla.2002), no conflicting evidence was presented in this case. From the record before this court, it does not appear that the experts' reports were ever filed with the trial court or otherwise presented to it. Because these reports were not before the trial court, they cannot constitute either evidence or conflicting testimony. A trial court cannot resolve conflicts in the evidence when there is, in fact, no evidence before it.
Second, even if the experts' reports were in evidence, they were simply too old to be relevant to a determination of Brockman's competency to stand trial. The question of competence is whether the defendant has a sufficient present ability to consult with his attorney and whether the defendant has a present rational and factual understanding of the proceedings against him. Mora, 814 So.2d at 327 (citing Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)). Even if a defendant has previously been declared competent, the trial court must hold another competency proceeding if a bona fide doubt is raised as to the defendant's *334 continued competence. Hunter v. State, 660 So.2d 244, 248 (Fla.1995); Martinez v. State, 712 So.2d 818, 821 (Fla. 2d DCA 1998).
In this case, from the limited references in the record, it appears that two experts evaluated Brockman's competency to stand trial in February 2001. A third expert evaluated his competency in September 2001. However, Brockman's trial did not begin until January 15, 2002. The reports from February 2001 and September 2001 did not speak to Brockman's competence in January 2002. Moreover, even if the reports had some relevance, the information provided to the trial court by both defense counsel and Brockman's licensed mental health counselor raised a bona fide doubt as to Brockman's current competence, particularly in light of his refusal to take his medications. Because the experts' reports, even if they were in evidence, would not have addressed this recent potential change in competence, the reports could not have overcome the necessity of a competency hearing prior to trial.
Third, the salient question in this appeal is not whether there was competent, substantial evidence from which the trial court could conclude that Brockman was competent to stand trial. See Kothman v. State, 442 So.2d 357, 359 (Fla. 1st DCA 1983). Rather, the question is whether the trial court had information that created reasonable grounds to believe that Brockman might be incompetent. Here, the statements of Brockman's counsel and mental health counselor, combined with Brockman's documented history of mental health issues, provided reasonable grounds to believe that Brockman might not be competent. Once reasonable grounds existed, the trial court was obligated to hold a competency hearing.
Had Brockman's counsel simply made vague allegations of incompetence or provided the trial court with no support for his statements, we believe that the trial court could have properly conducted a colloquy with Brockman to determine whether reasonable grounds existed to believe that Brockman might not be competent. See Tingle, 536 So.2d at 204 n. 1 (noting that when an issue of competency is raised, the trial court may conduct its own investigation to determine whether reasonable grounds exist to believe that the defendant may be incompetent and whether the safeguards of rule 3.210 are warranted). However, when the information offered by defense counsel is sufficient in and of itself to raise reasonable grounds to believe that the defendant may be incompetent, the trial court's questioning may not substitute for the competency hearing required by rule 3.210. Id. Because in this case the information offered by Brockman's counsel was sufficient to raise reasonable grounds to believe that Brockman might be incompetent, the trial court's colloquy did not discharge its obligations under rule 3.210.
Under the circumstances of this case, the trial court had an obligation to continue the trial, order an updated examination of Brockman, and schedule a competency hearing. The trial court's failure to do so constituted an abuse of discretion. Because Brockman's competence may not be determined retroactively, see Tingle, 536 So.2d at 204, we reverse his conviction and remand for a new trial contingent upon a determination that he is competent to stand trial.
Reversed and remanded.
SALCINES and COVINGTON, JJ., Concur.