903 So.2d 338 (2005)
Jonathan Nelson CULBREATH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-919.
District Court of Appeal of Florida, Second District.
June 10, 2005.
*339 James Marion Moorman, Public Defender, Bartow, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Jonathan Nelson Culbreath appeals the judgments and sentences imposed on him after the trial court revoked his probation. Although the trial court had already conducted a competency hearing and determined Mr. Culbreath to be competent to proceed, he argues that the trial court erred in not ordering another examination and conducting a second competency hearing before beginning the revocation hearing. Because Mr. Culbreath's counsel raised new, reasonable grounds to believe that Mr. Culbreath might have been incompetent, the trial court erred by failing to order another examination and by failing to conduct a second competency hearing. Accordingly, we reverse the judgments and sentences imposed on Mr. Culbreath, and we remand this case to the trial court for further proceedings.
In 1990, Mr. Culbreath pleaded guilty to multiple offenses and was placed on concurrent terms of five years' probation for each offense. He began serving the five-year probationary terms after completing a twenty-two-year prison sentence in a separate case. On August 27, 2001, Mr. Culbreath's probation supervisor filed an affidavit charging him with multiple violations of probation. On December 14, 2001, the trial court held a competency hearing. Two medical experts testified that Mr. Culbreath was competent to proceed. Based on this testimony and its observations during the hearing, the trial court found that he was malingering and was competent.
On January 30, 2002, the trial court held the probation revocation hearing. At the beginning of the hearing, defense counsel *340 notified the trial court that he did not believe that Mr. Culbreath was competent to proceed. Defense counsel informed the trial court that he had visited Mr. Culbreath in jail and was unable to communicate with him. Defense counsel also informed the court that Mr. Culbreath had tried to commit suicide the week before the revocation hearing. After hearing a brief argument from the State that a competency hearing had already been conducted, the trial court found that Mr. Culbreath did not need to be reevaluated by a doctor. Defense counsel objected to proceeding with the hearing and requested that Mr. Culbreath's mother be allowed to speak about her son's competency. The trial court denied the request and proceeded with the revocation hearing.
When criminal proceedings are held against a mentally incompetent defendant, the defendant's constitutional right to a fair trial is denied. Hill v. State, 473 So.2d 1253, 1259 (Fla.1985). The test used to determine the defendant's competency is whether the defendant has a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him." Id. at 1257 (emphasis omitted) (quoting Dusky v. United States, 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)). If a defendant's competency is called into question, the trial court must consider "`whether there is a reasonable ground to believe the defendant may be incompetent, not whether he is incompetent.'" Tingle v. State, 536 So.2d 202, 203 (Fla.1988) (quoting Scott v. State, 420 So.2d 595, 597 (Fla. 1982)). "If the trial court is presented with reasonable grounds to believe that the defendant may not have the sufficient present ability to consult with his attorney and aid in the preparation and presentation of his defense, the trial court must order a hearing and examination." Brockman v. State, 852 So.2d 330, 333 (Fla. 2d DCA 2003); see also Fla. R. Crim. P. 3.210(b).
Even if a defendant has been declared competent, the trial court must remain receptive to revisiting the issue if circumstances change. Hunter v. State, 660 So.2d 244, 248 (Fla.1995). "[A] prior determination of competency does not control when new evidence suggests the defendant is at the current time incompetent." Nowitzke v. State, 572 So.2d 1346, 1349 (Fla.1990). Thus the obligation to order a competency examination and to conduct a hearing as required by rule 3.210 is ongoing.
In this case, defense counsel presented the trial court with sufficient reasonable grounds to believe that Mr. Culbreath may have become incompetent during the forty-seven-day period from the initial competency hearing until the revocation hearing. Defense counsel attested that he was unable to communicate with Mr. Culbreath, which suggested that Mr. Culbreath did not have the ability to consult with his attorney and aid in the presentation of his defense. Mr. Culbreath's suicide attempt also called into question whether he had a rational understanding of the proceedings against him. Based on these grounds, the trial court should have ordered a competency evaluation and held a second competency hearing. The trial court's failure to do so was error. Accordingly, we reverse Mr. Culbreath's judgments and sentences and remand for a new revocation hearing contingent upon a determination that Mr. Culbreath is competent to proceed.
Reversed and remanded.
SALCINES and SILBERMAN, JJ., Concur.