BROWNING, J.
Warren Scott Petrena (Appellant) was charged with unlawfully purchasing a controlled substance (more than 20 grams of cannabis) while armed, and with conspiracy to purchase a controlled substance (cannabis) while armed. The jury found him guilty of the lesser-included offenses of purchase of a controlled substance and conspiracy to purchase a controlled substance. Appellant was sentenced to 48 months’ incarceration, to run concurrently with a one-year sentence. Appellant contends that the trial court abused its discretion, first, by failing to appoint experts and order a competency evaluation and hearing pursuant to Florida Rule of Criminal Procedure 3.210(b), and, second, by denying the motion for continuance. We affirm the judgment and sentence.
Immediately after the swearing of the venire around 9:00 a.m. on November 3, 2003, defense counsel requested an in camera conference. Counsel alleged that Appellant had been suffering from severe back and neck pains, was awaiting back surgery (which had been repeatedly postponed), and was taking a number of prescribed medications. Counsel alleged that *1001 he had spoken to Appellant earlier that morning and found that Appellant was “dragging” and not speaking lucidly. Appellant claimed not to be able to think clearly or remember things well. He stated that he had been taking the medications for about six months. When the trial judge asked what was different about Appellant “today” (a Monday) compared to the previous Friday, or to a month earlier, counsel described his client as having some good days and some bad days. Counsel stated that when he had seen Appellant on the previous Friday, Appellant was going to try to “cut back” his medications. His attorney had instructed Appellant “to be clear Monday.” Counsel questioned whether Appellant could effectively assist in his own defense.
In response to these unsworn allegations, the State called two individuals, who were sworn as witnesses. The Lafayette County Sheriffs Office jail administrator testified that during a monitored telephone call to South Florida earlier that morning, Appellant had told someone that his medication was “messing him up,” so that he could not remember very much. The witness testified that Appellant had never said anything to him about a memory problem during Appellant’s six months in the jail. Appellant alleged that the other party in the telephone call in question was his cousin.
The jail inmates’ registered nurse testified that she was familiar with Appellant and his' prescribed medications. Reviewing Appellant’s chart, the nurse testified that at 8:00 that morning, he was given medication to alleviate anxiety, inflammation, and pain, and to relax the muscles. The only recent change in Appellant’s regimen was an increase in the anti-anxiety medication. Given the fact that Appellant had been taking the same medications “for quite some time,” the nurse opined (without an objection) .that none of them would cause Appellant not to know what was going on currently in the trial proceedings. She testified that Appellant had never indicated to her that he did not understand why he was in jail or what was happening during the period when he was taking the medications. The nurse was unaware of any change in Appellant’s condition that would cause him not to understand that he was present for his own trial or would hinder him in assisting defense counsel in conducting his defense. In the nurse’s opinion, Appellant seemed no different on that morning from how he had been before the nurse went on vacation. .She had spoken briefly with Appellant earlier that morning to wish him luck.
At the conclusion of this testimony, defense counsel asked for a continuance, remarking: “If we have to make him go cold turkey and see what happens or whatever, you know, get his surgery and get him off the medication.” Counsel reiterated that Appellant’s thought processes were “dragging,” such that he could not effectively assist counsel in hearing the witnesses’ testimony and “thinking.” The prosecutor asserted that Appellant’s alleged “condition” was a willful ploy to delay the proceedings, which could have been controlled by not taking the medications immediately before trial.
The trial judge noted aloud that Appellant appeared to . be alert and had answered the court’s questions “in a responsive manner.” The court refused to continue the proceedings. Appellant then commented that there were two witnesses whom he would like to have in court, one of them a confidential informant, and the other an individual who had been at Appellant’s house when the co-defendant called and then came to the house. After instructing Appellant to address his eon- *1002 cerns to defense counsel, the court proceeded with voir dire.
Rule 3.210(b) states in pertinent part:
Rule 3.210 Incompetence to Proceed: Procedure for Raising the Issue
(b) Motion for Examination. If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant’s mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and shall order the defendant to be examined by no more than 3, nor fewer than 2, experts prior to the date of the hearing. Attorneys for the state and the defendant may be present at the examination.
A reasonable reading of the record below demonstrates that defense counsel never requested any relief under Rule 3.210(b). No allegation of mental illness or retardation was made. Cf. Brockman v. State, 852 So.2d 330 (Fla. 2d DCA 2003) (reversing conviction and remanding for new trial contingent on determination that defendant was competent to stand trial, where trial court was aware that defendant had 20-year history of mental problems, crime for which he was being prosecuted occurred while defendant was patient in a mental facility, defendant’s licensed mental-health counselor expressed concerns about competency based on defendant’s refusal to take his medications, and defense counsel stated concerns about competency based on his interactions with defendant at jail on the previous day). The defense did not even assert that, absent Appellant’s prescribed medications, his pain and anxiety from a pre-existing physical injury would have prevented him from having a “sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding” and “a rational as well as factual understanding of the proceedings against him.” Dusky v. United States, 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); Jones v. State, 740 So.2d 520, 522 (Fla.1999); Hill v. State, 473 So.2d 1253, 1257 (Fla.1985). Rather, the defense simply asked for a delay in the proceedings to allow time for Appellant either to suspend taking his medications or to try to mitigate his pain through surgery. “Although Appellant never requested a competency hearing before he proceeded to trial, this does not constitute a waiver of the trial court’s duty to hold a hearing on competency if reasonable grounds exist.” Holland v. State, 634 So.2d 813, 815 (Fla. 1st DCA 1994); see State v. Tait, 387 So.2d 338, 341 (Fla.1980). “[I]n ruling on a motion to determine a defendant’s competency to stand trial, the question before the court is whether there is reasonable ground to believe the defendant may be incompetent, not whether he is incompetent.” Walker v. State, 384 So.2d 730, 733 (Fla. 4th DCA 1980) (emphasis in original); Scott v. State, 420 So.2d 595, 597 (Fla.1982). Concluding that no “reasonable ground” was presented so as to require the trial court to order a mental competency evaluation and hearing under Rule 3.210(b), and that Appellant has not shown any prejudice resulting from the court’s failure sua sponte to appoint experts and order an evaluation and hearing, we reject Appellant’s first argument for reversal.
What defense counsel expressly requested immediately before jury selection was a continuance. Appellant acknowledges that a trial court’s ruling on a motion for continuance is subject to review *1003 for an abuse of discretion. See Kearse v. State, 770 So.2d 1119, 1127 (Fla.2000). “The denial of a motion for continuance should not be reversed unless there has been a palpable abuse of discretion; this abuse must clearly and affirmatively appear in the record.” Geralds v. State, 674 So.2d 96, 99 (Fla.1996). Florida Rule of Criminal Procedure 3.190(g)(3) states:
(g) Motion for Continuance.
(3) Time for Filing. A motion for continuance may be made only before or at the time the case is set for trial, unless good cause for failure to so apply is shown or the ground for the motion arose after the cause was set for trial.
The parties’ arguments relating to the issue of Appellant’s competency to stand trial are inextricably linked to the question of whether the denial of the motion for continuance was an abuse of discretion. In this context, “an expressed doubt” by a defense attorney, who presumably has maintained “the closest contact with the defendant,” regarding the client’s present competence “is unquestionably a factor which should be considered.” Drope v. Missouri, 420 U.S. 162, 177-78 n. 13, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); Scott, 420 So.2d at 597. Even so, “courts are not required to accept defense counsel’s representations concerning defendant’s competence wholeheartedly.” Calloway v. State, 651 So.2d 752, 754 (Fla. 1st DCA 1995). Defense counsel presented his allegations based on his recent communications with Appellant. The State offered two sworn witnesses who testified in response to counsel’s allegations. The trial judge engaged in a dialogue with Appellant and allowed him to express his concerns about two prospective witnesses. Absent a reasonable ground for the trial court to believe that Appellant was not currently mentally competent to stand trial, and absent a showing of good cause for a continuance, the trial court did not abuse its discretion. Appellant misplaces his reliance on the materially distinguishable facts and holdings in Kothman v. State, 442 So.2d 357 (Fla. 1st DCA 1983), Calloway, and Brockman. Appellant’s convictions and sentences are AFFIRMED.
DAVIS and LEWIS, JJ., concur.