ORFINGER, J.
 

 Humberto Mairena appeals his conviction of sexual battery on a child less than 12 years of age. He contends that the trial court erred by conducting his trial when the court was presented with reasonable grounds to question his competency. We reverse Mairena’s conviction and remand for a new trial contingent upon a determination that Mairena is competent to proceed.
 

 Mairena was charged with capital sexual battery. Early in the proceedings, de
 
 *82
 
 fense counsel moved for appointment of an expert to determine Mairena’s competence, alleging:
 

 2. The Defendant has a history of mental illness and has undergone psychiatric treatment for same in South Florida. Due to the serious nature of the charge and the Defendant’s limited ability to communicate with counsel regarding the extent of his mental disabilities, undersigned counsel requests a competency evaluation to determine if the Defendant’s current mental condition is adequate to proceed with this case.
 

 3. Undersigned counsel certifies that this motion is made in good faith and that counsel has reasonable grounds to believe that the Defendant presently suffers from mental disabilities that cause him to be incompetent to proceed with this case.
 

 The trial court ordered a competency evaluation and appointed a single mental health expert. After the evaluation was performed, the trial court entered an order, finding Mairena competent to stand trial.
 

 Five months later, Mairena came before the court at a scheduled hearing. At that time, the State offered Mairena a plea to a lesser charge. Mairena indicated that he would accept the State’s offer and the court proceeded with a plea colloquy. When the court asked Mairena how he wished to plead, the following exchange occurred:
 

 THE COURT: ... What is your plea?
 

 MAIRENA: At that time I had treatment, psychiatric treatment.
 

 THE COURT: I’m sorry? He had what?
 

 MAIRENA: Psychiatric treatment. I was in clinic in Miami for thirty days because I had problem after my divorce and I couldn’t sleep and I could hear voices in my head. Yes. And also I was taking medication. I was taking medication.
 

 THE COURT: Well, the plea has to be either guilty or not guilty.
 

 MAIRENA: It’s between guilty or not guilty?
 

 [DEFENSE COUNSEL]: Yes, one or the other.
 

 THE COURT: To enter a plea to resolve the case it has to be guilty. If you want a trial, your plea would be not guilty. Are you claiming to have no recollection of the facts or are you just stating matters in mitigation of sentence?
 

 MAIRENA: Yes. Yes, I do.
 

 THE COURT: Yes what?
 

 MAIRENA: Yes, at that time I had voices in my mind. I don’t -know. I had voices in my head that was telling me to do. I don’t know if I — if I — if I thought that I did it.
 

 THE COURT: Well, we need to proceed with the child hearsay hearing so that we’ll be ready for trial next week.
 

 [DEFENSE COUNSEL]: As you recall, Judge, he was evaluated on just this issue.
 

 THE COURT: He was evaluated and the doctor said he was competent to proceed?
 

 [DEFENSE COUNSEL]: He was.
 

 THE COURT: I don’t know if he’s attempting to raise an insanity defense or if counsel could in good faith assert an insanity defense. I want to make sure he understands that he’s losing the State’s offer. And when he goes to trial if he’s convicted, the Court will have no alternative but to sentence him to life in the State Penitentiary without possibility of parole.
 

 
 *83
 
 THE COURT: Well, I couldn’t take the plea because he wouldn’t give me an answer one way or the other.
 

 The trial began two months later before a different judge. Just prior to jury selection, the following occurred:
 

 [DEFENSE COUNSEL]: ... Judge, Mr. Mairena has been explained the ramifications of a plea or a trial, possible outcome, strengths and weaknesses of his trial, we’ve had him evaluated for competency and he has come back competent.
 

 He has indicated to me that he wanted me to pursue an insanity defense, however, his actions around the time of the incident one hundred percent preclude such a defense as far as my investigation [has] determined and through my experience I’ve learned that.
 

 I just asked him a few moments ago if he understood that the little girl could testify here today ... and I don’t believe he wants her to have to take the stand.
 

 He’s indicated to me that he’d like to enter a plea to the Court. He understands that the sentence would be the same whether he went to trial and was found guilty as charged or if he pled to the Court because the sentence is life without parole.
 

 I wanted him to address the Court before you proceed in that grain.
 

 THE COURT: Yes, okay, okay.
 

 [DEFENSE COUNSEL]: Mr. Maire-na, is it your wish to enter a plea to the Court?
 

 THE DEFENDANT: What I want to say if it’s reasonable to give me the sentence today. I have been 27 days in the cell, in the bubble, because they put me there.
 

 It’s like this for my doctor — the doctor give me medication. I don’t know. Since 2005[,] I have a grave severe depression, and I was put in a clinic for mental disabilities. And since then I’ve been taking my medication.
 

 [DEFENSE COUNSEL]: Are you taking your medication today sir?
 

 THE DEFENDANT: Yes.
 

 [DEFENSE COUNSEL]: Are you thinking clearly?
 

 THE DEFENDANT: I know that I have in my head — it’s a scream that I’m crazy. I hear voices and sounds. I’m bad. My brain is hurting me.
 

 [DEFENSE COUNSEL]: Do you know what you’ve been diagnosed with sir?
 

 THE DEFENDANT: I don’t know. I didn’t see the doctor since I got in but, still right now I’m still in the bubble.
 

 THE COURT: All right. We understand what your fears are and how you feel, but we’ll either have to go to trial today or you can plea[d] guilty.
 

 If you plead guilty then we have to make sure that you’re feeling well today and that you know what’s going on. So, if you have a headache or if you have some voices in your head it would be difficult or impossible for me to accept your plea of guilty. Do you understand?
 

 THE DEFENDANT: Yes. I’m not in a condition to — practically I was drugged all night with the medication.
 

 THE COURT: Then it would seem that we would possibly have to just go to trial and you can pay attention as well as you can.
 

 THE DEFENDANT: Yes.
 

 The trial proceeded without any further discussion about a plea and Mairena was convicted of capital sexual battery.
 

 At a sentencing hearing held two days later, Mairena told the court that he had
 
 *84
 
 remained silent throughout the trial because he had been under the influence of medication:
 

 THE DEFENDANT: You know that, yes. On Tuesday’s and Wednesday’s I didn’t say one word. I was under the influence of medication. In '88[,] I entered this country with a political asylum.
 

 You remember the Iran Contra and Ronald Reagan, the ex-president didn’t give money to us to fight communism, to contrast communists. And I have a card from Focolaro (sic), who’s the president and I have a permanent license.
 

 The question who gave me the license is an American, a Cuban American, and I have rights to stay in this country. On Wednesday and Wednesday^] they show me the video and nobody let me say one word because I was drugged and I couldn’t speak because my mouth was sticky until today.
 

 Until today[,] I have a reaction of those pills that I took on Monday. I want rescues this country because our commander in chief Bush I have — I need to repeat my admiration for him fighting those terrorists on the other side.
 

 He then recited his history of mental illness:
 

 [THE DEFENDANT]: ... Look, I’m going to say something fast. When I went to Miami the woman whom I loved vanished to Nicaragua and then to Spain, you understand, my Terry, Therese.
 

 I had an accident and I didn’t have any money. I had to go in the street. Six or eight months I lived in the street with booze and eight times — you know that.
 

 Every time that somebody is drunk there are ten thousand new rolls that die. The lady of the State — excuse me.
 

 I am an engineer in (inaudible) and specialist in plants, but the work is so technical, and I also take care of animals. Excuse me.
 

 I talk to[o] fast. When I was in street a lady, Isabelle[,] ask me why are you crazy with the voices in your head, and she gave me some money because she had a lot of money. I worked from 8 to 14 hours. I had a lot of money in my work. Yes.
 

 Never did I use my money to b[u]y drugs or I never accepted a check from the government. On the 4th of April 1988 and every 4th of April I celebrate and 20 times — I was in 20 months in this jail here for something that I didn’t do. Yes.
 

 We are going to today — I was working that day. I was recuperating because I went to first clinic, to the clinic in Miami. Miami Behavior in Miami Clinic with a psychologist and a psychiatrist.
 

 They gave me medication those who took care of me. Yes. They sent me to another institution for four days and I stayed there for four months — two months, and then I went to the street with my cousin to recuperate.
 

 And when I finished recuperating I started working. I’m still hurt — after I — worked in the asbestos, I was removing asbestos, mold. I was in demolition because us Hispanics who come here to work we don’t get much from the government.
 

 THE COURT: All right. All right, the law requires me to give you one sentence and one sentence only, and I hope you understand that. I wish I could show you more mercy, but the law will not allow me.
 

 
 *85
 
 I know that you will appeal this case . and I hope that appeal goes well for you, and if you win the appealf,] perhaps[,] another jury may see the case your way.
 

 I really appreciate your courtesy that you have shown to the Court in the few days that I have known you.
 

 THE DEFENDANT: Yes. I was drugged.
 

 The court then sentenced Mairena to the statutorily mandated life prison term. This appeal followed.
 

 Mairena contends that the trial court abused its discretion by allowing him to proceed to trial when reasonable grounds existed to believe that he was incompetent to proceed to trial. The State responds, arguing that the record does not suggest that Mairena was incompetent to proceed.
 

 To hold criminal proceedings against a mentally incompetent defendant denies that defendant his constitutional right to a fair trial.
 
 Maxwell v. State,
 
 974 So.2d 505, 509 (Fla. 5th DCA 2008);
 
 Molina v. State,
 
 946 So.2d 1103, 1106 (Fla. 5th DCA 2006) (recognizing that defendant has due process right to determination of competency to proceed to trial whenever it appears reasonably necessary). In determining competency, the test is whether the defendant has “sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him.”
 
 Hill v. State,
 
 473 So.2d 1253, 1257 (Fla.1985) (quoting
 
 Dusky v. United States,
 
 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)) (emphasis omitted). If defense counsel, the state, or the trial court has reasonable grounds to suggest that a defendant is not mentally competent to proceed, the court must conduct a competency hearing. Fla. R.Crim. P. 3.210(b). In addition to applying the
 
 Hill
 
 standard, case law requires “trial court[s][to] consider all the circumstances,”
 
 Calloway v. State,
 
 651 So.2d 752, 754 (Fla. 1st DCA 1995), keeping in mind that “[t]here are no ‘fixed or immutable signs that always’ require a competency hearing.”
 
 Id.
 
 (quoting
 
 Scott v. State,
 
 420 So.2d 595, 597 (Fla.1982)).
 

 Once the issue of a defendant’s competency is raised, the question for the trial court to consider is “whether there is a reasonable ground to believe the defendant
 
 may
 
 be incompetent, not whether he
 
 is
 
 incompetent.”
 
 Tingle v. State,
 
 536 So.2d 202, 203 (Fla.1988) (quoting
 
 Scott,
 
 420 So.2d at 597). “If the trial court is presented with reasonable grounds to believe that the defendant may not have the sufficient present ability to consult with his attorney and aid in the preparation and presentation of his defense, the trial court must order a hearing and examination.”
 
 Brockman v. State,
 
 852 So.2d 330, 333 (Fla. 2d DCA 2003);
 
 see Carrion v. State,
 
 859 So.2d 563, 565 (Fla. 5th DCA 2003) (“If the trial judge has reasonable grounds to believe that a criminal defendant is not competent to proceed, then the court must conduct a competency hearing.”);
 
 see also Drope v. Missouri,
 
 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975);
 
 Pate v. Robinson,
 
 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966);
 
 Dusky,
 
 362 U.S. 402, 80 S.Ct. 788.
 

 Even if a defendant has been determined to be competent, the trial court must remain receptive to revisiting the issue if circumstances change.
 
 Hunter v. State,
 
 660 So.2d 244, 248 (Fla.1995);
 
 Maxwell,
 
 974 So.2d at 510. “[A] prior determination of competency does not control when new evidence suggests the defendant is at the current time incompetent.”
 
 Nowitzke v. State,
 
 572 So.2d 1346, 1349 (Fla.1990). This is a continuing obli
 
 *86
 
 gation, which may require the trial court to revisit the issue after a defendant has been declared competent to proceed.
 
 Molina,
 
 946 So.2d at 1106 (citing
 
 Nowitzke,
 
 572 So.2d 1346;
 
 Culbreath v. State,
 
 903 So.2d 338 (Fla. 2d DCA 2005)). A trial court’s failure to do so constitutes an abuse of discretion.
 
 Id,.; see Burns v. State,
 
 884 So.2d 1010, 1013-14 (Fla. 4th DCA 2004).
 

 In this case, there were concerns early on about Mairena’s competency. As a result, the defense requested the court to appoint an expert to evaluate Mairena.
 
 [1]
 
 Based on the evaluation of the appointed expert, the court determined that Mairena was competent to proceed. However, seven months later, when Mairena said that he wanted to enter an open plea to the court to a mandatory life sentence, he reported that he “hears voices and sounds. I’m bad. My brain is hurting me.” He further said “in my head' — it’s a scream that I’m crazy.” The court told Mairena that “if you have some voices in your head it would be difficult or impossible for [the court] to accept a plea of guilty.” But then, after expressing reservations about Mairena’s ability to enter a voluntary, intelligent plea, the court allowed the trial to proceed. This was error. If the defendant was not competent to enter a plea due to concerns about his mental status, he was not competent to stand trial.
 

 The record demonstrates that the trial court was presented with reasonable grounds to question Mairena’s mental competency despite the earlier determination that he was competent to proceed.
 
 See, e.g., Maxwell,
 
 974 So.2d 505 (holding that trial court was presented with reasonable grounds to question defendant’s mental competence to be sentenced, and, thus, was required by rule to have defendant evaluated by at least one more expert and to hold competency hearing). Because a hearing to determine whether a criminal defendant was competent at the time of trial cannot be held retroactively,
 
 see, e.g., Tingle,
 
 536 So.2d at 204;
 
 Scott,
 
 420 So.2d at 598;
 
 Hill,
 
 473 So.2d at 1259, we must reverse Mairena’s conviction and remand for a new trial contingent upon a determination that Mairena is competent to proceed.
 

 REVERSED and REMANDED.
 

 SAWAYA and LAWSON, JJ., concur.
 

 [1]
 

 . While Mairena is correct that rale 3.210 requires the appointment of two or more experts, it is equally clear that it was Mairena who requested the single expert. As the failure to appoint a second expert to examine a defendant's mental competency to stand trial is not fundamental error,
 
 see D’Oleo-Valdez v. State,
 
 531 So.2d 1347, 1348 (Fla.1988), and the error was invited by Mairena, he has not demonstrated that the trial court erred in failing to appoint at least two experts to evaluate him.
 
 See Green v. State,
 
 598 So.2d 313, 313-14 (Fla. 2d DCA 1992) (holding that defendant acquiesced in appointment of single competency expert where, rather than object to appointment of only one expert, defense counsel informed trial judge that counsel had report from single appointed expert indicating that defendant was competent).