PER CURIAM.
Terrance Terrell Lee (defendant) petitions this court for a writ of certiorari, alleging that he is entitled to receive a competency hearing under Florida Rule of Criminal Procedure 3.210(b). We grant the writ.
In a prior criminal proceeding, the trial court entered an order adjudicating the defendant incompetent to proceed and committing him to the custody of the Department of Children and Families (DCF). At some point, the defendant was released from DCF’s care, but no determination was made as to whether he continued to be incompetent.
In the instant criminal proceeding, defense counsel filed a “Notice that Defense Counsel has Reasonable Grounds to Believe Defendant is Incompetent to Proceed,” and retained a doctor to perform a confidential mental examination of the defendant. The court held a pre-trial hearing four days later. In an order emanating from that hearing, the trial court recognized that reasonable grounds had been presented to question the defendant’s competency and, therefore, the court appointed two mental health experts to examine him on the issue of his competency. Defense counsel advised the court that, under Florida Rule of Criminal Procedure 3.210(b), the court was required to hold a competency hearing within 20 days. The court disagreed, stating that the rule required a hearing to be “scheduled” within 20 days, but that the court could permissibly cancel the hearing if the court had not yet received the court-appointed experts’ reports.
Multiple competency hearings were thereafter scheduled and cancelled. Because the two court appointed expert witnesses reached contrary conclusions as to whether the defendant was competent, the trial court appointed a third expert, who has now rendered his opinion. Although the trial court has all the necessary information before it in order to hold an eviden-tiary competency hearing, no competency hearing has been held.
Florida Rule of Criminal Procedure 3.210(b) recognizes a defendant’s right to a determination of competency whenever a court or counsel “has a reasonable ground to believe that the defendant is not competent to proceed.” Fla. R. Crim. P. 3.210(b).[1] “Once a trial court has reason *954 able grounds to believe that a criminal defendant is not competent to proceed, it has no choice but to conduct a competency hearing.” Monte v. State, 51 So.3d 1196, 1202 (Fla. 4th DCA 2011); see Mairena v. State, 6 So.3d 80, 85 (Fla. 5th DCA 2009) (stating that a “court must conduct a competency hearing” if it “has reasonable grounds to suggest that a defendant is not mentally competent to proceed”); Carrion v. State, 859 So.2d 563, 565 (Fla. 5th DCA 2003) (“There does not appear to be any discretion on the part of the trial court once it makes the determination that there are reasonable grounds to believe that the defendant is not mentally competent. If the trial court has reasonable grounds to believe that a criminal defendant is not competent to proceed, then the court must conduct a competency hearing.”). The hearing “shall” be set “immediately” and “shall be held no later than 20 days after the date of the filing of the motion” setting forth “a reasonable ground to believe that the defendant is not competent to proceed.” Fla. R. Crim. P. 3.210(b); see Fowler v. State, 255 So.2d 513, 514-15 (Fla.1971) (construing a previous version of rule 3.210, and “attach[ing] prime significance to the words ‘shall’ and ‘immediately’. The mandatory verb ‘shall’ makes it obligatory on the court to fix a time for a hearing if there are reasonable grounds to believe that the defendant is insane. Moreover, the mandatory ‘shall’ is followed by the word ‘immediately’ which lends urgency and significance to the duty of the judge to conduct the required hearing. The framers of the rule ... obviously did not regard lightly the necessity for a hearing.”).
Here, the trial court has three reports opining on the defendant’s competency to proceed, therefore, “it is the trial court’s responsibility, as finder of fact in such proceedings, to resolve the disputed factual issue” and determine his competency. Watts v. State, 593 So.2d 198, 202 (Fla.1992); see Hernandez-Alberto v. State, 889 So.2d 721, 726 (Fla.2004) (“In situations where there is conflicting expert testimony regarding the defendant’s competency, it is the trial court’s responsibility to consider all the evidence relevant to competency and resolve the factual dispute.”).
Accordingly, the defendant’s petition for writ of certiorari is granted, and the trial court is directed to hold a competency hearing forthwith.
PETITION GRANTED; CAUSE REMANDED.
TORPY, CJ., PALMER and LAMBERT, JJ., concur.

. Rule 3.210(b) provides, in relevant part:
Rule 3.210. Incompetence to Proceed: Procedure for Raising the issue
[[Image here]]
lb) If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally *954 competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant’s mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and may order the defendant to be examined by no more than 3 experts, as needed, prior to the date of the hearing.