IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STANFORD DEON LEWINSON,

     Appellant,

v.                                                                        Case No.  5D16-0735

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed June 16, 2017

Appeal from the Circuit Court
for Osceola County,
Leticia J. Marques, Judge.

James S. Purdy, Public Defender, and
Nicole Joanne Martingano, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Rock
McGuigan, Assistant Attorney General,
Daytona Beach, for Appellee.

PER CURIAM.

     Stanford Lewinson appeals his 30-year sentence for aggravated battery with a

firearm on a person 65 years of age or older.  He argues the trial court erred in sentencing

him prior to a competency hearing when reasonable grounds existed to question his competency to be sentenced.[1] We agree and reverse.

Lewinson was charged by Information with home invasion robbery with a firearm, burglary of a dwelling with an assault or battery, and aggravated battery with a firearm on a person 65 years of age or older. Prior to trial, Lewinson's attorney filed a motion requesting a competency hearing. In response, the court appointed Dr. Jeffrey Danziger to examine Lewinson and set the matter for hearing. Dr. Danziger ultimately opined that Lewinson was malingering and that he was competent to proceed. The trial court agreed and found Lewinson to be competent. Thereafter, the case proceeded to trial.

Lewinson behaved appropriately throughout the evidentiary portion of the trial. However, while the trial court was charging the jury, Lewinson exclaimed, "I can't take this no more," while motioning with his hand. The jury was removed, after which Lewinson stated, "I just want to kill myself." During the outburst, Lewinson apparently cut himself with his fingernail, which caused him to bleed. The incident prompted the trial court to remove Lewinson from the courtroom for the duration of the trial. The trial court also ordered Lewinson reevaluated for competency prior to sentencing and reappointed Dr. Danziger to conduct the evaluation.

Despite ordering the evaluation, the trial court proceeded to sentencing without Dr. Danziger's report and without conducting a competency hearing.[2] This was error.

---

[1] Lewinson does not contest his conviction.

[2] After sentencing, trial counsel requested that the trial court order Lewinson reevaluated prior to a separate trial on unrelated charges. The trial court granted counsel's request.

"When criminal proceedings are held against a mentally incompetent defendant, the defendant's constitutional right of due process is denied." Maxwell v. State, 974 So. 2d 505, 509 (Fla. 5th DCA 2008) (citing Hill v. State, 473 So. 2d 1253, 1259 (Fla. 1985); Molina v. State, 946 So. 2d 1103, 1106 (Fla. 5th DCA 2006)). If a defendant is determined to be incompetent after being found guilty at trial, but prior to sentencing, the trial court shall postpone sentencing and proceed pursuant to Florida Rule of Criminal Procedure 3.210. Fla. R. Crim. P. 3.214.

Rule 3.210(b) provides:

> If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and may order the defendant to be examined by no more than 3 experts, as needed, prior to the date of the hearing. Attorneys for the state and the defendant may be present at any examination ordered by the court.

Fla. R. Crim. P. 3.210(b) (emphasis added). Sentencing is a "material stage" of the proceedings. Fla. R. Crim. P. 3.210(a)(1).

The question for the court on a motion to determine competency is "whether there is [a] reasonable ground to believe the defendant may be incompetent, not whether he is incompetent." Tingle v. State, 536 So. 2d 202, 203 (Fla. 2012) (quoting Scott v. State, 420 So. 2d 595, 597 (Fla. 1982). As we stated in Maxwell:

> Even when a defendant has previously been found to be competent, the trial court must remain receptive to revisiting the issue if circumstances change. Hunter v. State, 660 So. 2d 244, 248 (Fla. 1995). "[A] prior determination of competency does not control when new evidence suggests the defendant is at the current time incompetent." Nowitzke v.

3

State, 572 So. 2d 1346, 1349 (Fla. 1990). This is a continuing obligation, which may require the trial court to revisit the issue after a defendant has been declared competent to proceed. Molina, 946 So. 2d at 1106 (citing Nowitzke, 572 So. 2d 1346; Culbreath v. State, 903 So. 2d 338 (Fla. 2d DCA 2005)).

974 So. 2d at 510. Moreover, once a trial court has reasonable grounds to question a defendant's competency, the trial court is required by rule 3.210(b) to hold a competency hearing, and failure to do so is error. Carrion v. State, 859 So. 2d 563, 565 (Fla. 5th DCA 2003).

Accordingly, here, once the trial court ordered that Lewinson be reevaluated prior to sentencing, it was required to follow the procedure outlined in rule 3.210(b) and conduct a hearing. See Carrion, 859 So. 2d at 565. The trial court having failed to do so, we are compelled to reverse the sentence imposed on Lewinson and remand for a competency hearing.

REVERSED AND REMANDED.

ORFINGER, BERGER and LAMBERT, JJ., concur.

4