503 So.2d 1304 (1987)
Robert TINGLE, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1619.
District Court of Appeal of Florida, Fifth District.
February 19, 1987.
Rehearing Denied March 19, 1987.
James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Tingle appeals his conviction for sexual battery of a child under the age of eleven years.[1] He raises several points regarding admissibility of hearsay evidence, and instructions to the jury, which we affirm. However, the point raised on his request for a hearing to determine competency to stand trial merits discussion. We reverse the trial court's imposition of costs as being unconstitutional because the crimes were committed prior to the effective date *1305 of the statute[2] which authorizes their imposition.[3]
Defense counsel filed two motions regarding Tingle's competency. The first was filed September 5, 1985, and it is labeled "Motion to Determine Competency to Stand Trial." It makes an explicit reference to Florida Rule of Criminal Procedure 3.210, and requests an examination by no more than three, nor fewer than two experts. It was denied September 20, 1985 by the trial court, after the court reviewed Tingle's Tri-County Mental Service file and interviewed personnel who had observed appellant.
On September 21, 1985 defense counsel filed another similar motion in which she recited she believed her client was hallucinating and mentally ill. Reference in that motion was to rule 3.210, Florida Rules of Criminal Procedure, and it also requested the appointment of no more than three nor fewer than two experts to examine appellant. This motion was not denied of record. However while the jury was deliberating its verdict on September 24, 1985, the court noted for the record that the court reviewed the mental health file on appellant and found no valid basis to suggest appellant was incompetent to stand trial. The court cited the notes of Dr. Robert David which failed to mention any diagnosis of schizophrenia. This second motion was, in effect, denied by the court by its failure to rule upon it, and its conduct of the trial.
Florida Rule of Criminal Procedure 3.210 provides:
(b) If before or during the trial the court of its own motion, or upon motion of counsel for the defendant or for the State, has reasonable ground to believe that the defendant is not mentally competent to stand trial, the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition, ... and shall order the defendant to be examined by no more than three nor fewer than two experts prior to the date of said hearing.
Such a written motion filed by defense counsel shall certify in good faith the attorney's belief that the defendant is incompetent to stand trial, and recite the attorney's observations of the defendant, which support this belief.
Both motions in this case appear to comply with all of the requirements of rule 3.210, and the trial court treated them as such. Rule 3.210 motions present the issue of whether a defendant has sufficient present ability to consult with his defense counsel with a reasonable degree of rational understanding, and whether he has a rational as well as a factual understanding of the proceedings being brought against him. Hill v. State, 473 So.2d 1253, 1257 (Fla. 1985); Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). Although defense counsel alleged various bizarre behavior by the defendant while he was in prison awaiting trial, it does not substantially establish appellant lacked the ability to assist defense counsel in preparing his defense. Further, our review of appellant's mental health file supports the trial judge's conclusions. Unlike Fowler v. State, 255 So.2d 513 (Fla. 1971), there is no substantial evidence in the record to establish that appellant is even possibly a paranoid schizophrenic.
Tingle also argues that the motions were filed, not only pursuant to rule 3.210, but also pursuant to Florida Rule of Criminal Procedure 3.216. Unlike rule 3.210, motions filed pursuant to rule 3.216 are not addressed to the trial court's discretion, and an expert must be appointed to assist in the preparation of a defendant's case. State v. Hamilton, 448 So.2d 1007 (Fla. 1984), Garron v. Bergstrom, 453 So.2d 405 (Fla. 1984). That rule provides:
(a) When in any criminal case counsel for a defendant adjudged to be indigent or partially *1306 indigent, whether public defender or court appointed, shall have reason to believe that the defendant may be incompetent to stand trial or that he may have been insane at the time of the offense, he may so inform the court who shall appoint one expert to examine the defendant in order to assist his attorney in the preparation of his defense.
Although both motions in this case recite that the defendant may have been incompetent at the time of the offense, defense counsel did not seek to raise an insanity defense at any time. Further, the thrust and purpose for both motions were apparently understood and accepted by both defense counsel and the trial court as having been made pursuant to rule 3.210 rather than rule 3.216. In addition, based on the trial judge's comments to defense counsel, which were neither objected to nor contradicted by defense counsel, a Dr. Robert David had been employed by the court to examine appellant, at the request of the defense.
Except for the cost assessment, the judgment is affirmed.
AFFIRM IN PART; VACATE COST ASSESSMENT.
COBB, J., concurs.
DAUKSCH, J., concurs in conclusion only.
NOTES
[1] § 794.011(2), Fla. Stat. (1985).
[2] § 27,3455, Fla. Stat. (1985), became effective July 1, 1985.
[3] Miller v. State, 492 So.2d 1191 (Fla. 5th DCA 1986); Gordon v. State, 497 So.2d 661 (Fla. 5th DCA 1986); Fletcher v. State, 491 So.2d 354 (Fla. 5th DCA 1986); review denied, 500 So.2d 545 (Fla. 1986); and Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986).