543 So.2d 315 (1989)
Natina WARREN Appellant,
v.
STATE of Florida, Appellee.
No. 88-1068.
District Court of Appeal of Florida, Fifth District.
May 4, 1989.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Laura Griffin, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant was convicted of four counts of sale of cocaine and four counts of possession of cocaine. She appeals and we reverse for a new trial.
We believe the instant appeal is controlled by the recent opinion of Tingle v. State, 536 So.2d 202 (Fla. 1988). The trial judge, based on his own personal observation, denied a pretrial motion seeking a competency hearing. The motion, predicated on erratic behavior and statements to counsel by the defendant, was renewed at trial. As stated in Tingle, the trial judge's independent investigation is not sufficient to insure that a defendant is not deprived of his due process right of not being tried while mentally incompetent.
REVERSED and REMANDED for new trial consistent with the requirements of Tingle.
ORFINGER, J., concurs.
COWART, J., concurs and concurs specially with opinion in which ORFINGER, J., also concurs.
COWART, Judge, concurring specially.
I agree that Tingle v. State, 536 So.2d 202 (Fla. 1988), requires this court to reverse in this case. However, I am greatly concerned that Tingle appears to hold that criminal defense counsel's personal assertion, contention or opinion that the defendant may be incompetent to stand trial, based solely on defense counsel's personal observation of a defendant's behavior and *316 statements constitutes reasonable grounds necessitating a full competency hearing under Florida Rules of Criminal Procedure 3.210 and 3.211 so conclusive that it cannot be met or overcome by the trial judge's opinion and judgment that the defendant is competent to stand trial based on the trial judge's observation of the defendant's behavior and statements. Before the State is required to delay prosecution and incur the expense of an examination by 2 or 3 experts, the trial judge and state's attorney should agree with the need or the defense counsel's position should be supported by some evidence from an independent source, such as, a physician's recommendation that the defendant's medical condition be examined by experts; otherwise a trial advocate's personal opinion as to a matter as to which he has no expertise, is given more weight than the similar opinion of a disinterested trial judge and can alone, in every case, cause a substantial expenditure of public funds and a delay in trial.
ORFINGER, J., concurs.