790 So.2d 508 (2001)
Peter Lind PAUL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-645.
District Court of Appeal of Florida, Fifth District.
June 22, 2001.
Rehearing Denied July 26, 2001.
*509 Peter Lind Paul, Perry, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
Peter Lind Paul appeals the summary denial of his motion for post conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure. He raises 18 grounds for post conviction relief, only one of which we find to be meritorious. We affirm the denial on the remaining 17 grounds.
During his jury trial on four counts of capital sexual battery on a child under 12 years of age while in a position of familial authority, an investigator for the Child Protection Team testified for the State. The prosecutor asked the investigator to describe her initial impressions of the victim. She responded by saying that the victim seemed "like a nice child; honest, calm." Although the defense did not object to this answer, the court interrupted the examination and cautioned that:
THE COURT: Just a second. Let me just make a comment. Don't comment about the credibility of the victim, okay? Stay away from that.
Since it appears that the trial court cautioned the witness as if defense counsel had made an objection, there is no prejudice resulting from this portion of her testimony.
More troubling is the allegation that the prosecutor asked several other questions about the victim's motive to lie. The prosecutor asked:
Q. Did ... the (victim) during your interview have-indicate to you in any *510 manner that she had a motive to fabricate any of the statements she was making to you?
A. No.
During defense counsel's cross-examination of this witness, defense counsel asked whether children would generally be questioned about a motive to lie, and the witness stated that she saw no motive. Defense counsel further asked, "What questions did you ask (the victim) about a motive?" The answer: "There would be no motive. There's nothing for the child to benefit."
During redirect examination the prosecutor asked, "Pursuant to your investigation in this specific case, you had made a determination that there was no motive for the child to lie?" The witness answered, "Right."
In Tingle v. State, 536 So.2d 202 (Fla. 1988), a sexual battery case involving a minor, the supreme court found that it was improper to have the HRS intake counselor, who was not an expert, as well as the social worker, who was an expert on child sexual abuse, to vouch for the credibility of the victim. The HRS intake counselor when asked if he believed the child, answered, "Yes, I did." The intake counselor then explained the factors he took into consideration in determining if the child was being truthful. Later in the questioning, the intake counselor was asked if he believed that the child was sexually abused, and he answered, "Yes." The State then pressed forward and asked, "Do you have any doubt?" And the intake counselor answered, "No."
As in Tingle, the witness in the instant case was not an expert. The witness interviewed the victim while performing her investigative duties for the Child Protection Team. She improperly vouched for the credibility of the victim by stating that the victim was honest, that she heard nothing which would indicate that the victim had fabricated her statements, and that the victim would have no motive for lying. See also Smith v. State, 674 So.2d 791 (Fla. 5th DCA 1996).
We reject the State's argument that it was permissible for the investigator to testify about whether the victim had any motive for lying because the defense opened the door to this examination. Even if the defense implied through argument or cross-examination that the victim had a motive to lie, the prosecution cannot ask a witness to vouch for the credibility of the victim. The character of a witness relating to truthfulness may be supported by reputation evidence when appropriate, and his or her prior consistent statements may be admitted to rebut a charge of fabrication, but the testimony of a witness cannot be bolstered by another witness vouching for his or her credibility based solely on personal observation. Moreover, we note it was the prosecutor who first asked whether the victim indicated any motive to fabricate any of her statements.
Notwithstanding, in ruling on defendant's claim of ineffective assistance of counsel, the trial court should have attached portions of the record refuting his claim, or conducted an evidentiary hearing. However, the trial court only stated in a conclusory fashion that as to ground eleven, the allegations were not factually supported by the record. A trial court should not summarily deny a claim based on the record without attaching the relevant portions to refute the defendant's allegations. In fairness to the trial court, we recognize that at the conclusion of the order denying relief, the clerk was instructed to attach portions of the trial transcript, but the clerk failed to do so. Perhaps the omitted portions would refute the allegations of *511 ground eleven, but we cannot ascertain this from the order itself.
We conclude that it is necessary to vacate the order denying relief only as to ground eleven. We remand for reconsideration of this one ground to determine whether defense counsel was ineffective for failing to object to the State's witness who first vouched for the victim's credibility by stating that she was honest, and then continued to vouch for the child's credibility after being warned by the court not to do so by testifying that the child had no motive to lie. Upon remand, the trial court shall either attach portions of the record to its order denying relief or conduct an evidentiary hearing.
AFFIRMED in part; REVERSED in part; REMANDED.
THOMPSON, C.J., and SAWAYA, J., concur.