934 So.2d 527 (2006)
Othlone RUSS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-1056.
District Court of Appeal of Florida, Third District.
March 1, 2006.
Rehearing Denied March 28, 2006.
*528 Robbins, Tunkey, Ross, Amsel, Raben, Waxman & Eiglarsh, and Robert G. Amsel *529 and Benjamin Waxman, Miami, for appellant.
Charles J. Crist, Attorney General, and Jennifer Falcone Moore, Assistant Attorney General, for appellee.
Before WELLS, and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
WELLS, J.
Othlone Russ appeals from judgments of conviction and a 45.5 year prison sentence for multiple counts of lewd and lascivious exhibition on or in the presence of a child under the age of 16 and for sexual battery on a person less than 12 years of age. Russ claims that the cumulative effect of improper closing argument by the State, admission of improper profile evidence, and denial of his request to introduce character evidence regarding his reputation in the community for non-violence and respect toward females, mandate reversal. We disagree and affirm.[1]
Russ was charged with sexual molestation of a six year old child over a period of approximately two years. He was approximately 17 years old at the time. After the child reported to her mother that Russ had been touching her inappropriately, she was examined at the Rape Treatment Center, which reported a healed tear in her hymen indicating "some kind of penetration" not caused by roughhousing, bicycle or horseback riding, falls or similar activities. Russ subsequently was charged with two counts of lewd and lascivious exhibition on a child, four counts of sexual battery on a minor, two counts of lewd and lascivious molestation of a child, and four counts of sexual battery on a minor. The convictions here under appeal followed.
Russ claims that the cumulative effect of a number of improper statements made by the State during closing argument constitute fundamental error mandating reversal. First, we find no reversible error in the three objected-to comments dealing with Russ's failure to present evidence to support his theory that someone else may have molested this child. Although the objections to the first two of these comments were overruled, a curative instruction regarding these comments was suggested by the prosecutor, accepted by the defense and given by the court:
THE COURT: I need to advise the jurors that generally, as in any case, a defendant on trial for a criminal charge does not have to prove or disprove anything.
It's up to the State through its witnesses, if they can, to prove their case beyond and to the exclusion of every reasonable doubt and they have what we refer to as the burden of proof.
Again, a defendant does got [sic] have [sic] prove or disprove anything. Go ahead, please.
No motion for mistrial was asserted.
The third objected-to comment was no more than fair comment on Russ's argument that the child was lying to cover up for someone else who molested her. The State's rebuttal argument that Russ was only speculating and that the person for whom the child was allegedly covering was "a non-issue ... because if they knew of a `who,'" that "`who' would have been brought to your attention," was properly overruled. See Mitchell v. State, 771 So.2d 596, 597 (Fla. 3d DCA 2000) (concluding that the State's comments in closing as to "where is the evidence in this case of *530 crooked cops? You had many cops appear before you on the witness stand," was fair comment and response, where the theory of the defense was that the defendant had been knowingly misidentified by the police who were lying to cover up their misidentification; where in opening statement, the defendant had told the jury that various police officers would testify and that inconsistencies in their testimony would prove the truth of the defendant's position; and where this theme had been reiterated in the defendant's closing argument); see also Stancle v. State, 854 So.2d 228, 229 (Fla. 4th DCA 2003) ("A prosecutor's argument should be examined in the context in which it is made. This is particularly so where invited by the nature of the defense.") (Citations omitted).
Likewise, we find no error, either individually or cumulatively, in the remainder of the unobjected-to comments about which Russ complains.[2] "As a general rule, the failure to raise a contemporaneous objection when improper closing arguments are made waives any claim concerning such comments for appellate review." Arbelaez v. State, 898 So.2d 25, 47 (Fla.2005)(quoting Card v. State, 803 So.2d 613, 622 (Fla.2001)). The sole exception to the general rule is where the unobjected-to comments rise to the level of fundamental error. Walls v. State, 926 So.2d 1156, 1176 (Fla. 2006). In order for an error to be fundamental and justify reversal in the absence of a timely objection, "the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Id. (quoting Brown v. State, 124 So.2d 481, 484 (Fla.1960)).
When read in context, the remaining comments about which Russ complains are so innocuous that it is obvious why Russ failed to object.[3] Taken in parts or as a whole, the State's closing argument neither deprived Russ of a fair trial nor entirely vitiated it. No fundamental or reversible error regarding closing argument has been demonstrated.
We also find no error in the admission of the testimony of Pam Garman, a forensic interviewer with twenty-five years experience interviewing children who allegedly have been sexually abused. Ms. Garman testified generally about the manner in which children disclose sexual abuse. This testimony was adduced to undercut a major theme of Russ's defense that the child's differing versions of the molestation proved that she was lying.
The child testified in detail about vaginal and anal penetration and other acts of molestation by Russ (during some of which she described Russ as putting "white gooey stuff" on her) while at Russ's home. *531 Russ, in keeping with the theme of his defense, questioned the Rape Treatment Center physician about what the child had told him. The physician confirmed that the child had denied either oral or anal penetration, was unsure whether Russ had ejaculated, and told him that she had been molested at her home. Russ also questioned the child's father about his deposition, attempting to impeach the child's version of events by getting him to admit that the child told her parents that she had been molested only once. Russ also questioned the forensic interviewer who interviewed the child and acknowledged that the child's description at trial of the final molestation did not match that reported to the interviewer.
During Ms. Garman's testimony she was asked whether in her "experience in working with ... thousands of children over all the[] years, [was] it uncommon for children to not come out with all the information right up front but for it to be a delayed process or a process in and of itself subsequently." Russ objected to relevancy. Over that objection Ms. Garman testified that "[c]hildren do not always disclose everything at once. They will tell a little bit at a time, sometimes what they feel is the lesser of the sexual acts just to test the waters, to see how their parents... react to what they have told them. And then, they go on and tell what else happened to them." No other questions were asked on this subject.
Ms. Garman did not directly testify that this child was telling the truth nor did this isolated response give the impression that she believed this child was telling the truth. See Tingle v. State, 536 So.2d 202, 205 (Fla.1988) (holding that "it was error for the state's witnesses to directly testify as to the truthfulness of the victim"); Cunningham v. State, 801 So.2d 244, 247 (Fla. 4th DCA 2001)(quoting Hitchcock v. State, 636 So.2d 572, 575 (Fla. 4th DCA 1994), and confirming that "if the juxtaposition of the questions the State asked ... gave the jury the clear impression that [the witness] believed the victim was telling the truth," the testimony was improper); Paul v. State, 790 So.2d 508, 510 (Fla. 5th DCA 2001) (reversing a conviction because the non-expert witness who interviewed the victim "improperly vouched for the credibility of the victim by stating that the victim was honest, that she heard nothing which would indicate that the victim had fabricated her statements, and that the victim would have no motive for lying"). Ms. Garman's statement also was not relied on to suggest that changes in the child's story amounted to evidence of abuse.[4] Rather, it was a valid response to the defense's claim that changes in the child's story indicated fabrication and was not improper. See Tingle, 536 So.2d at 205 (holding that testimony may be adduced to "properly aid a jury in assessing the veracity of a victim of child abuse ... by discussing various patterns of consistency in the stories of child sexual abuse victims"); Quintero v. State, 889 So.2d 1013, 1013 (Fla. 1st DCA 2004) (finding no error in permitting testimony "that child victims do not initially fully disclose in 67% to 70% of child sexual abuse cases").
Last, we find no abuse of discretion in the trial court's refusal to permit Russ to call character witnesses to testify as to his reputation in the community for non-violence *532 and respect toward females. It was not argued that Russ had acted violently. Likewise, Russ's reputation for respectfulness toward women had no bearing on whether he committed these offenses. As aptly stated by the Fifth District, "[u]nlike one's reputation for honesty or peacefulness, traits that might be noticed by the community, whether one secretly molests children or does not would not be openly exhibited to the community." Alvelo v. State, 769 So.2d 476, 477 (Fla. 5th DCA 2000).
We therefore affirm Russ's conviction on all counts except for Count I which we reverse on the State's proper concession of error.
Affirmed in part, reversed in part.
NOTES
[1] Russ also claims, and the State concedes, that the State failed to prove the allegations in Count I of the information. We therefore reverse his conviction and sentence on that count.
[2] Russ argues: that the prosecutor made an improper appeal to the social conscience of the jurors; that improper epithets, prejudicial comments and statements unsupported by the record mandate reversal; that references to lesser included offenses as "misdemeanors" mandate reversal; that the prosecutor made numerous impermissible attacks on defense counsel during closing arguments; and additionally that the cumulative effect of all of these comments and arguments require reversal. Our careful review of the record refutes these claims.
[3] In one of those comments, the defense argued to the jury: "Use your common sense. Does the child who was violated in that manner that she describes seven days earlier have a hymen that's torn, that's healed? Does it heal in seven days? Would it on a child? Wouldn't there be some redness? Did you hear any testimony of such a thing? This was an old tear." We find the State's rebuttal argument did not amount to a prosecutorial burden shifting comment, where it observed that Russ had failed to ask the examining physician what a tear would look like after seven days.
[4] Ms. Garman did not testify, as Russ argues, that this child exhibited symptoms consistent with sexual abuse or that this child had been sexually molested. This would have been improper. See Hadden v. State, 690 So.2d 573, 577, 581 (Fla.1997) (holding that testimony "to prove the alleged victim of sexual abuse exhibits symptoms consistent with one who has been sexually abused" may not be used in a criminal prosecution for child abuse).