[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 31, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13672
Non-Argument Calendar

_____

D. C. Docket No. 04-01109-CV-J-32-TEM

ROY WILFORD MINTON,

Petitioner-Appellant,

versus

SECRETARY, DOC,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 31, 2008)**

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Roy Wilford Minton is a Florida prison inmate. He was convicted in 1993 on three counts of sexual battery upon a child under 12 years of age, one count of a lewd act upon or in the presence of a child, and one count of false imprisonment of a child. After exhausting his state remedies, he petitioned the district court for a writ of habeas corpus. The court denied his petition, and issued a certificate of appealability ("COA") on one issue: whether petitioner's lawyer rendered ineffective assistance of counsel "in failing to object to the expert testimony of the Child Protection Team Witness, Marsha Frame."[1]

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts may not grant habeas relief on claims that were previously adjudicated in state court, unless the state court's decision was: (1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court;" or (2) "based on an

---

[1] The State contends that petitioner failed to exhaust this issue, and that we should not entertain it for that reason. We find that the State expressly waived the failure to exhaust and therefore consider the ineffective assistance issue.

Minton's brief raises issues in addition to the issue the COA presents: (1) the expert on child sexual abuse was unqualified to render an expert opinion at trial; (2) he was actually innocent of the charged crimes; (3) the district court improperly refused to allow him to amend his petition and introduce additional exhibits that demonstrated his actual innocence; and (4) we may review issues outside of the COA. (Petitioner's Brief at 10-13, 19-22). Notably, Minton never asked us to expand the scope of the COA. See Tompkins v. Moore, 193 F.3d 1327, 1332 (11th Cir. 1999) ("[t]he only way a habeas petitioner may raise on appeal issues outside those specified by the district court in the [COA] is by having the court of appeals expand the [COA] to include those issues"). Because these claims fall outside the scope of the COA, we decline to address them. See Dean v. United States, 278 F.3d 1218, 1221 (11th Cir. 2002).

2

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The "contrary to" and the "unreasonable application" clauses from § 2254(d)(1) should be analyzed independently. Gore v. Sec'y for Dep't of Corr., 492 F.3d 1273, 1293 (11th Cir. 2007), cert. denied, __ S.Ct. __ (2008). Because clearly established federal law only includes legal rules determined by the Supreme Court, a state court's decision cannot be contrary to clearly established federal law if no Supreme Court case addresses the issue decided. See Putnam v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001).

A state court unreasonably applies clearly established federal law if it "(1) correctly identifies a legal rule from Supreme Court precedent, but unreasonably applies that rule to the court's factual findings; or (2) unreasonably extends or declines to extend a legal rule from Supreme Court precedent to a new factual context." Dill v. Allen, 488 F.3d 1344 (11th Cir.), cert. denied, 128 S.Ct. 651 (2007). Even if we discern that a state court incorrectly applied federal law, relief is only appropriate if that application also is objectively unreasonable. Wright v. Sec'y for Dep't of Corr., 278 F.3d 1245, 1256 (11th Cir. 2002). A state court's summary, unexplained rejection of a constitutional issue qualifies as an adjudication that is entitled to such deference. Id. at 1254.

3

It is settled beyond peradventure that the Sixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel, Strickland v. Washington, 466 U.S. 668, 685-86, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984), and that defendants in state court prosecutions have such right under the Fourteenth Amendment.  A defendant is denied effective assistance of counsel if: (1) counsel's performance was deficient because it was unreasonable under prevailing professional norms (the "performance prong"); and (2) the defendant was prejudiced by the deficient performance such that a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different (the "prejudice prong").  Id. at 688, 694, 104 S.Ct. at 2065, 2068.

Judicial scrutiny of counsel's performance must be highly deferential.  Id. at 689, 104 S.Ct. at 2065.  This deference regarding counsel's performance "adds another layer" to the deference we already owe, in the federal habeas petition context, to a state court's application of clearly established federal law in denying the ineffective assistance claim.  Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004).  Also, regarding the prejudice prong, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome," Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, and a court considering an ineffective assistance claim "must consider the totality of the evidence before the judge or jury," id. at

4

695, 104 S.Ct. at 2069.

The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" Wiggins v. Smith, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003) (quoting Strickland, 466 U.S. at 688, 104 S.Ct. at 2052).

A petitioner may raise an ineffective assistance of counsel claim based on counsel's failure to object to expert witness testimony. Dorsey v. Chapman, 262 F.3d 1181,1186 (11th Cir. 2001). Counsel's failure to object to expert witness testimony, which improperly bolsters the credibility of another witness, may constitute unreasonably deficient performance. See id. Under Florida law, "expert testimony may not be offered to directly vouch for the credibility of a witness." Tingle v. State, 536 So.2d 202, 205 (Fla. 1988). However, the Tingle court also noted:

> an expert may properly aid a jury in assessing the veracity of a victim of child sexual abuse without usurping their exclusive function by generally testifying about a child's ability to separate truth from fantasy, by summarizing the medical evidence and expressing his opinion as to whether it was consistent with [the victim's] story that she was sexually abused, or perhaps by discussing various patterns of consistency in the stories of child sexual abuse victims and comparing those patterns with patterns in [the victim's] story.

Id. (quoting United States v. Azure, 801 F.2d 336, 340 (8th Cir. 1986)). In Tingle,

5

the court found that expert testimony improperly bolstered a witness when the expert directly stated that she believed that the child victim was telling the truth. Id.

In the due process context, we have held that expert testimony that bolsters another witness is improper and may result in the denial of fundamental fairness to the defendant. Snowden v. Singletary, 135 F.3d 732, 738 (11th Cir. 1998). In Snowden, an expert testified that 99.5 percent of children tell the truth about sexual abuse and, moreover, never personally encountered a child that lied about abuse. Id. at 737. We determined that such testimony clearly was improper under Florida law. Id. at 738 (citing Tingle, 536 So.2d at 205). Moreover, that evidentiary error denied the defendant fundamental fairness in his trial because the testimony of the allegedly-abused children "went to the heart of the case," and the prosecutor emphasized the expert's testimony regarding credibility, rather than only touching on it briefly. Id. at 738-39.

As an initial matter, we note that this case only concerns the unreasonable application of federal law because, with the exception of Strickland and Wiggins, Minton has cited no Supreme Court precedent regarding ineffective assistance of counsel in the scenario presented here or Supreme Court precedent that might be considered to be close in point. That said, we find no basis for concluding that

counsel's performance in failing to object to the expert testimony was deficient. The record demonstrates that the expert never testified that the child victim was telling the truth or that a certain percentage of child victims of sexual abuse are truthful. The expert only testified that only a small percentage of <u>her</u> prior cases involved fictitious allegations, and that nothing from the child victim in Minton's case led her to believe that the allegations were fabricated. Because the expert testimony here was less direct than the improper testimony at issue in <u>Tingle</u> and <u>Snowden</u>, this case is clearly distinguishable.

Second, as for <u>Strickland</u>'s prejudice prong, we note that counsel made several objections during the expert's testimony and elicited a concession from the expert on re-cross examination to ensure that the ultimate question of Minton's guilt was left to the jury. Therefore, even though the credibility of the child was a fundamental issue for the jury to decide, we cannot fault the state court's finding that counsel's failure to object caused petitioner no <u>Strickland</u> prejudice.

Finally, even if we were to assume that counsel was ineffective by failing to object to the expert testimony, the state court did not unreasonably apply <u>Strickland</u> in reaching the opposite conclusion. As discussed above, an evaluation of the performance and prejudice prongs of the <u>Strickland</u> test does not yield a result on which all reasonable jurists would agree. Therefore, the state court's

rejection of Minton's ineffective assistance of counsel claim regarding the expert testimony was not objectively unreasonable, and the district court's denial of habeas relief is due to be, and is,

**AFFIRMED.**