999 So.2d 1077 (2009)
Gervasio TORRES, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2706.
District Court of Appeal of Florida, Fourth District.
January 7, 2009.
Ira D. Karmelin, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals his conviction and sentence for one count of sexual battery. He raises several arguments, including the improper admission of expert testimony and the nonconformity of the written sentence to the trial court's oral pronouncement. We affirm on all issues, but the nonconforming sentence.
The State charged the defendant with one count of sexual battery on a person less than twelve (12) years of age. Following the denial of the defendant's motion to dismiss, the case proceeded to a jury trial. During the trial, the State presented the testimony of a former FBI agent as an expert witness on child crimes and the sexual victimization of children.
*1078 The expert provided extensive testimony on the common characteristics of behavior exhibited by child molestation victims and explained a concept he called "compliant child victim." He defined a compliant child victim as one "who cooperate[s] in or... consent[s] to their sexual victimization," and explained that they are frequently adolescent boys. He described why compliant child victims may not disclose the behavior at first and may later disclose the facts surrounding the incident in a piecemeal fashion.
He knew very little about the case and had not seen any police reports, taped interviews, or transcripts of statements. He did not speak with anyone at length about the facts of the case, nor did he render an opinion on whether the victim was a compliant child. Rather, he testified to his opinions about victims of child molestation derived from his own personal experiences in working on thousands of cases. None of his opinions were based on scientific studies, syndrome evidence, diagnostic criteria, or any other classic scientific test.
The victim testified, along with two other boys who had been victims of a sexual assault by the defendant. The defendant was found guilty and sentenced to life in prison.
The defendant argues that the expert's testimony improperly bolstered the credibility of a victim who was an adult at the time of trial. The defendant also argues that the expert's testimony was not "pure opinion", but rather was based on "experimental scientific methods" that failed to meet the Frye[1] test. The State responds that the testimony was pure opinion and properly admitted. We agree with the State and affirm on this issue.
"Trial court rulings on the admissibility of evidence are generally reviewable for abuse of discretion." Hildwin v. State, 951 So.2d 784, 791 (Fla.2006). However, a de novo standard "applies to the trial court's determination under Frye as to whether both the scientific principle and the testing procedures applying the procedure to the case at hand are generally accepted in the relevant community." Id. at 791.
The Fifth District Court of Appeal recently decided an identical issue in a factually similar case in Oliver v. State, 977 So.2d 673 (Fla. 5th DCA 2008).[2] There, the court found that expert testimony concerning the behaviors of child molestation victims based entirely on the expert's professional experience constituted "pure opinion." Id. at 677. As such, the expert's testimony was not subject to the Frye test.
In Oliver, the expert explained how victims typically deny the sexual abuse at first, delay disclosure, and ultimately disclose information in a piecemeal fashion. The expert in Oliver also carefully limited his testimony to his own professional experience. The court found the expert's testimony did not improperly bolster the victim's testimony. The testimony was properly admitted because it aided the "jury in assessing the veracity of a victim of child sexual abuse" and helped to "rebut defense attacks on the victims' credibility." Id. (quoting Tingle v. State, 536 So.2d 202, 205 (Fla.1988)).
Although the expert in this case gave a title to the syndrome that he described as *1079 compliant child victim, his testimony was also pure opinion. He did not rely on scientific studies, syndrome evidence, diagnostic criteria, or any other classic scientific test. He limited the basis for his testimony to his own professional experience. He did not render an opinion on whether the victim in this case was a compliant child victim. As the Fifth District did in Oliver, we find the expert's testimony to be pure opinion, not subject to Frye, and properly admitted. We therefore affirm on this issue.
The defendant correctly notes two scrivener's errors in the judgment. First, the judgment indicates the defendant entered a guilty plea. However, the defendant's conviction resulted from a jury trial. And second, as the State agrees, the written sentence does not reflect the defendant's eligibility for parole, although the trial court orally pronounced the defendant's parole eligibility. We therefore reverse and remand the case to the trial court with instructions to conform the written sentence to reflect the correct basis for the defendant's conviction and eligibility for parole after 25 years.
Reversed and Remanded.
TAYLOR and HAZOURI, JJ., concur.
NOTES
[1] Frye v. United States, 293 F. 1013 (D.C.Cir. 1923).
[2] See also Russ v. State, 934 So.2d 527 (Fla. 3d DCA 2006) (finding no error in the admission of a forensic interviewer, who testified generally about children disclosing sexual abuse).