PER CURIAM.
 

 Appellant, Lawrence Elwell, was convicted of corruption by threat and two separate charges of direct criminal contempt. After the trial on the corruption by threat and the first direct criminal contempt conviction, a competency hearing was held and Elwell was found competent. We affirm without discussion the trial court’s finding that Elwell was competent
 
 *1293
 
 as well as his convictions and sentences for corruption by threat and the second direct criminal contempt. We reverse Elwell’s conviction and sentence on the first direct criminal contempt.
 

 After Elwell’s trial at which he was found guilty of corruption by threat, the trial court recommended that a competency hearing be held pursuant to Florida Rule of Criminal Procedure 3.210. At the hearing held to schedule the competency hearing, Elwell’s actions which gave rise to the first direct criminal contempt charge occurred. Elwell was immediately tried and sentenced for the first direct criminal contempt charge at the end of that hearing and while his competency hearing was pending. “[A] hearing to determine whether a defendant was competent at the time he was tried generally cannot be held retroactively.”
 
 Tingle v. State,
 
 536 So.2d 202, 204 (Fla.1988). We therefore reverse Elwell’s first conviction and sentence for direct criminal contempt.
 

 Affirmed in Part; Reversed in Part.
 

 GROSS, C.J., HAZOURI and CIKLIN, JJ., concur.